## In the matter of John Sorenson.

*Prohibitory liquor law : Penalties : Civil proceedings : Detroit House of Correction.* Proceedings under the prohibitory liquor law (*Comp. L.,* § 2138–41), for a violation of the provision against selling intoxicating liquors, are in their form civil and not criminal proceedings, and do not authorize a sentence by a justice of the peace of Manistee county to imprisonment in the Detroit House of Correction under the statute (*Comp. L.,* § 8153).

*Heard and decided July 10.*

Proceedings on *habeas corpus.*

The return to the writ sets up that the prisoner was convicted before a justice of the peace of Manistee county, under a complaint and declaration for a third conviction of selling and keeping for sale spirituous or intoxicating liquors in violation of the prohibitory liquor law, and was sentenced to forfeit and pay the sum of one hundred dollars and costs of suit (taxed at four dollars and fifty cents) and to be imprisoned in the Detroit House of Correction for the period

of six months; and that he was now held by virtue of the commitment of said justice by the superintendent of the House of Correction.

*M. Morris* and *S. W. Fowler,* for the prisoner, moved on this return for a discharge.

*B. M. Cutcheon* and *Isaac Marston, Attorney General,* for the People, opposed the motion.

THE COURT held that these proceedings before the justice are in their form civil and not criminal proceedings, and do not authorize a sentence to imprisonment in the Detroit House of Correction under the act (*Comp. L.,* § *8153*) authorizing an imprisonment therein, under certain circumstances, of any person convicted of any crime or misdemeanor not punishable by imprisonment in the state prison; and that aside from said statute, a justice of the peace of Manistee county has no authority to sentence to imprisonment in the Detroit House of Correction.

Prisoner discharged.